1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  WILLY CARL LYONS,

11            Petitioner,              No. CIV S-96-0784 GEB GGH P

12       vs.

13                                     ORDER &

14  THEO WHITE,                        FINDINGS AND RECOMMENDATIONS

15            Respondent.

16  _____/

17            This petition for writ of habeas corpus was denied on February 28, 2001, and

18  judgment entered accordingly.  More than five years later, on August 10, 2006, petitioner pro se

19  purports to bring a motion for relief from judgment under Fed. R. Civ. P. 60(b)(6),[1] as well as a

20  _____

21            [1] Rule 60(b) provides in relevant part: "On motion and upon such terms as are just, the
    court may relieve a party ... from a final judgment, order, or proceeding for the following
22  reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
    which by due diligence could not have been discovered in time to move for a new trial under
23  Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment
    is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon
24  which it is based has been reversed or otherwise vacated, or it is no longer equitable that the
    judgment should have prospective application; or (6) any other reason justifying relief from the
25  operation of the judgment.  The motion shall be made within a reasonable time, and for reasons
    (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or
26  taken."

                                          1

1  motion for appointment of counsel, all of which he has included in a motion captioned "motion

2  for appointment of counsel."

3          Petitioner asks the court to determine whether this court's dismissal of claims 1, 2,

4  5, 6, and 7 from the second amended petition, pursuant to the application of the AEDPA, resulted

5  in the continued confinement of  petitioner, who is actually innocent, amounting to a

6  fundamental miscarriage of justice.  Motion, pp. 6, 10.  Petitioner asks the court to determine

7  whether there were extraordinary circumstances beyond petitioner's control, making it

8  impossible for petitioner to comply with the AEDPA statute of limitations.  Id.

9          In addition, petitioner asks the court to reconsider its denial of petitioner's

10 vindictive prosecution claim.  Id.  Petitioner expressly contends that he is not bringing a

11 successive petition and that the motion should be construed as made only pursuant to Rule 60(b),

12 explicitly Rule 60(b)(6).  Motion, p. 7.

13         Under Rule 60(b), a party may seek relief from judgment and to re-open his case

14 in limited circumstances, "including fraud, mistake, and newly discovered evidence."  Gonzalez

15 v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005).  Under Rule 60(b)(6), the

16 catchall avenue by which petitioner seeks to proceed to reopen his case, one must demonstrate

17 "any... reason justifying relief from the operation of the judgment" in situations that are not

18 addressed by the specific circumstances delineated in Rule 60(b)(1)-(5).  Gonzalez v. Crosby,

19 545 U.S. 524, 528-529, 125 S. Ct. 2641, 2646 (2005).

20         A purported Rule 60(b) motion in the context of a habeas petition pursuant to 28

21 U.S.C. § 2254 is in essence a successive petition, under 28 U.S.C. § 2244(b) where it "seeks to

22 add a new ground for relief," or "if it attacks the federal court's previous resolution of a claim *on*

23 *the merits..."*  Gonzalez, at 532, 125 S. Ct. at 2648 [emphasis in original].   "[A] 'claim' as used

24 in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction."

25 Id., at 530, 125 S. Ct. at 2647.  For purposes of this analysis, the United States Supreme Court

26 has said, that "on the merits" applies when a movant asserts a ground under 28 U. S.C. § 2254 (a)

1  and (d) or that a prior ruling on one of those grounds was made in error, and that such a movant

2  "is making a habeas corpus claim."  Gonzalez, at 532 n. 4, 125 S. Ct. at 2648 n. 4.

3          In this case, the petition was denied on the merits.  One of the specific grounds

4  that was reached was "whether the prosecution engaged in vindictive prosecution by charging

5  more serious offenses when petitioner refused a two-year offer and demanded his constitutional

6  right to a preliminary hearing."  Findings and Recommendations, pp. 2, 22-26, filed on January

7  26, 2001, adopted by Order, filed on February 2, 2001.  Petitioner's motion for this court to re-

8  visit its ruling denying petitioner's vindictive prosecution claim plainly constitutes a second or

9  successive petition and must be dismissed.  Petitioner must seek permission from the Ninth

10  Circuit before he may proceed upon any such claim.

11          A motion may proceed under Rule 60(b), "when neither the motion nor the federal

12  judgment from which it seeks relief substantively addresses the federal grounds for setting aside

13  the movant's state conviction...."  Gonzalez, at 532, 125 S. Ct. at 2648.  Thus, a motion

14  challenging only the federal court's prior judgment as a misapplication of the federal statute of

15  limitations under § 2244(d) is not a successive petition.  Gonzalez, at 535, 125 S. Ct. at 2650.

16  Thus, the Ninth Circuit has recently held:

17          where...the district court dismisses the petition for failure to pay
             the filing fee or to comply with the court's orders, the district court
18          does not thereby reach the "merits" of the claims presented in the
             petition and a Rule 60(b) motion challenging the dismissal is not
19          treated as a second or successive petition.

20  Butz v. Mendoza-Powers, 474 F.3d 1193, 1194 (9th Cir. 2007).

21          As to petitioner's request that the court reconsider its dismissal of Claims 1, 2, 5,

22  6, and 7 from the second amended petition, pursuant to the application of the AEDPA , the court

23  first notes that petitioner, who was represented by counsel, was granted a certificate of

24  appealability by the district court on the following claims:

25          whether petitioner's claims should relate back to his pre-AEDPA
             habeas petition; whether the district court should have denied
26          petitioner leave to amend as to claims 1, 2, 5, 6 and 7 of the second

3

1     amended petition[2]; whether the district court properly applied the
2     federal habeas corpus statute of limitations as to claims 1, 2, 5, 6
      and 7 of the second amended petition; whether the district court
3     should have allowed equitable tolling as to the limitations period
      for claims 1, 2, 5, 6 and 7 of the second amended petition; whether
4     the jury returned a guilty verdict on three counts for which no
      evidence was introduced; whether the jury improperly returned a
5     general verdict finding petitioner guilty of using a dangerous
      weapon razor blade to inflict great bodily injury on eleven sex-
6     related counts; whether the prosecution engaged in vindictive
      prosecution by charging more serious offenses when petitioner
7     refused a two-year offer and demanded a preliminary hearing;
      whether the trial court allowed inadmissible expert testimony
8     regarding victims' state of mind in a hostage situation; whether
      petitioner was denied effective assistance of counsel when the
9     court did not substitute another attorney for his court-appointed
      counsel; whether petitioner was denied his right to trial by twelve
10    impartial jurors when certain members of the jury witnessed an
      outburst by a prosecution witness outside the courtroom; whether
11    an erroneous jury instruction was given regarding a lesser included
      offense charge and whether this resulted in denial of petitioner's
12    right to a fair trial; whether petitioner's due process and double
      jeopardy rights were violated by the imposition of multiple
13    enhancements for two discrete acts.

14    Order, filed on April 4, 2001.

15          The docket of this case indicates that the Ninth Circuit affirmed the decision of

16    the district court by an order filed in this court on May 31, 2002, a fact which petitioner expressly

17    concedes in his motion, wherein petitioner states that the Ninth Circuit affirmed the district

18    court's judgment denying the petition on April 2, 2002, and thereafter, denied petitioner's request

19    for a rehearing en banc, on May 13, 2002; on August 8, 2002, his petition for writ of certiorari to

20    the United States Supreme Court was denied.  Motion, p. 8.  Thus, petitioner seeks to re-open a

21

22          [2]  1) Denial of due process under Fifth and Fourteen Amendment, and right to a fair trial
      under Sixth and Fourteenth Amendment, by prosecutor's improper vouching for the credibility of
23    the key witness. ... 2) Denial of due process under Fifth and Fourteenth Amendment, right to fair
      trial under Sixth and Fourteenth Amendment, and right to confront adverse evidence under Sixth
24    and Fourteenth Amendment by prosecutor's repeated violation of the advocate-witness rule. ... 5)
      Denial of due process under Fifth and Fourteenth Amendment when the prosecutor made several
25    objectionable statements during closing argument. ... 6) Ineffective assistance of trial counsel in
      violation of the Sixth and Fourteenth Amendment.... 7) Ineffective assistance of appellate
26    counsel in violation of the Sixth and Fourteenth Amendment. ...  See Magistrate Judge's Order of
      August 11, 1999.

claim, which has, inter alia, been previously adjudicated by the Ninth Circuit, claiming "actual innocence."  Moreover, in dismissing Claims1, 2, 5, 6, and 7 as barred by the statute of limitations under AEDPA for failure to relate back under Rule 15(c) of the Federal Rules of Civil Procedure, this court noted that "Claims 3 and 4, the claims which this court will allow to go forward, are the claims that implicate actual innocence with respect to some of the counts upon which petitioner was found guilty.  The claims that are barred by the statute of limitations do not implicate actual innocence."  Order, filed on August 11, 1999, p. 14.

While motions based on Rule 60(b) (1)-(3), "must be made 'within a reasonable time' and 'not more than one year after the judgment, order, or proceeding was entered or taken,' Fed. R. Civ. P. 60(b), motions based on other reasons, including on 'any other reason justifying relief from the operation of the judgment,' Fed. R. Civ. P. 60(b)(6), must be made 'within a reasonable time,' Fed. R. Civ. P. 60(b)."  Butz v. Mendoza-Powers, 474 F.3d at 1195.[3]  Even assuming petitioner filed this motion within a reasonable time, which on the face of it, he has not, having given no adequate explanation for the five-year delay in filing the motion, under Rule 60(b)(6), a petitioner must show "extraordinary circumstances" to justify reopening the case. Gonzalez, at 535, 125 S. Ct. at 2649, citing, inter alia, Ackermann v. United States, 340 U.S. 193, 199, 71 S. Ct. 207 (1950).

To the extent that this petition might not be deemed successive on this motion with regard to dismissal of Claims 1, 2, 5, 6, and 7 from the second amended petition, petitioner demonstrates neither "extraordinary circumstances" nor, as noted, has he made this motion "within a reasonable time."  Petitioner does not raise any argument in his motion premised on a factual or legal basis which has either not been raised previously or which would not have been available to him or his counsel at the time when his application was before this court.  Petitioner

_____

[3]  The Ninth Circuit left it to the district court to determine the "timeliness and merits" of petitioner's Rule 60(b) motion, where petitioner filed his motion six years after the judgment, challenging the district court's dismissal of his petition for failure to pay the filing fee or to comply with court orders.  Butz, supra, at 1194, 1196.

claims that he began being treated with psychiatric medications in 1990, that he was diagnosed as suffering from a major mental illness requiring his placement in CCCMS, that by 1995 he was prescribed antipsychotic medication as well as medication for depression. Petitioner submits exhibits indicating that he received mental health treatment and received psychotropic medication. He contends that he was subject to depression and that he was placed in the Enhanced Outpatient Program (EOP) in 2001, following several suicide attempts. He states that he has suffered from a major psychotic disorder for the entirety of his imprisonment and that he had difficulty locating the assistance of a jailhouse lawyer due to the nature of his conviction, involving sexually assaulting a fifteen-year old girl. Motion, pp., 13-21, & Exhibits 6-14. He also claims that prison officials failed to protect him after he cooperated with them and that the federal defender failed to review his entire file in a timely fashion. Motion, pp. 22-25, & Exhibits 16-17.

He does not deny the acts relating to, or his responsibility for, the horrific events of August 1, 1988, but seeks to attack the credibility of the victim/chief witness relating to the counts upon which petitioner was convicted of having committed unlawful sexual acts and forcible sex offenses with a minor for which, inter alia, petitioner received a sentence of 216 years with a consecutive life sentence. Motion, pp. 6-12.

Nothing in the record to which petitioner cites was not available to him or his counsel previously. His argument relating to the deficiencies of the federal defender's representation have been previously considered and ruled on by the court. Much of what petitioner argues does not have particular relevance; for example, petitioner's habeas application proceeded with the federal defender representing him; therefore, the state of his mental health does not appear particularly relevant. Nor does petitioner explain his inordinate delay in proceeding upon this motion when nothing to which he cites is newly discovered and was not in the record of the case to which he had access earlier.

\\\\

1  To the extent that this motion "challenges only the District Court's failure to reach
2  the merits" and "can therefore be ruled upon by the District Court without precertification by the
3  Court of Appeals pursuant to § 2244(b)(3)," Gonzalez, supra, at 538, 125 S. Ct. at 2651, this is a
4  case, like Gonzalez, wherein petitioner fails to set forth the requisite "extraordinary
5  circumstance" justifying relief.

6  Petitioner seeks appointment of counsel for claims that are not colorable, either
7  because petitioner attempts to proceed on a successive petition, absent having been certified to do
8  so by the Ninth Circuit, or because he does not make the "reasonable time" or "extraordinary
9  circumstance" showing that is required pursuant to Fed. R. Civ. P. 60(b)(6).

10  Accordingly, IT IS ORDERED that petitioner's August 10, 2006, motion for
11  appointment of counsel is denied.

12  IT IS HEREBY RECOMMENDED that petitioner's motion for relief from
13  judgment, pursuant to Fed. R. Civ. P. 60(b)(6), filed on August 10, 2006, be DISMISSED to the
14  extent that it is a successive petition, and DENIED to the extent that it is a Rule 60(b) motion.

15  These findings and recommendations are submitted to the United States District
16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
17  days after being served with these findings and recommendations, any party may file written
18  objections with the court and serve a copy on all parties.  Such a document should be captioned
19  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
20  shall be served and filed within ten days after service of the objections.  The parties are advised
21  that failure to file objections within the specified time may waive the right to appeal the District
22  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  DATED:  3/14/07

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

26  GGH:009/lyon0784.ofr

7