| | |
|---|---|
| WILLIE LYONS,<br><br>        Petitioner,<br><br>    v.<br><br>THEODORE WHITE,<br><br>        Respondent. | No. 2:96-cv-00784-GEB-GGH<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INTRODUCTION AND SUMMARY

Petitioner brings his **fourth** Fed. R. Civ. Pro. 60 (b) motion seeking to find some way to invalidate his state conviction for a multitude of egregious sex offenses. Of course, the premise of a Rule 60(b) motion is that some defect in the federal proceeding requires that the judgment in the federal proceeding be reexamined. However, petitioner alleges no defect in the federal proceeding per se, but blends his prosecutorial vindictiveness claim in state court proceedings with his allegation that any respondent in his habeas action is necessarily participating in a fraud on the court by merely appearing to defend the underlying conviction—a ground in Rule 60 best encompassed, if valid, by subsection 3 of Rule 60(b).

////

////

1

All of petitioner's Rule 60(b) motions are barely more than variations, if at all, on the same theme. The latest Rule 60(b) motion is barred by the principles of res judicata..

Procedural History[1]

The initial petition in this case was filed April 18, 1996, ECF No. 1. That petition was dismissed for failure to exhaust state remedies, judgment was entered on November 27, 1996, ECF No. 13, and petitioner appealed on December 20, 1996. On June 12, 1998 the Ninth Circuit Court of Appeal, recognizing by that time that state court exhaustion had transpired, vacated the judgment and remanded the matter to this district court, ECF No. 21.

On June 15, 1998 petitioner filed an amended habeas petition, ECF No. 22. On February 28, 2001 the district court again dismissed the case and judgment was entered. ECF Nos. 63, 65, 66. On May 31, 2002 the Ninth Circuit Court of appeals affirmed the judgment. ECF No. 71. Petitioner's first Motion for Relief from Judgment (filed October 23, 2006) was dismissed to the extent that it was a successive petition, and denied to the extent it is a Rule 60(b) motion. ECF Nos. 74, 77. Part of the motion involved the vindictive prosecution motion at issue in the latest filing.

The second Rule 60(b) motion was filed on September 11, 2009. It too was denied. ECF Nos. 80, 82. This court declined to issue a certificate of appealability on March 5, 2010, ECF No. 84, as did the Ninth Circuit on October 20, 2011. ECF No. 90.

The third Rule 60(b) motion was filed on September 15, 2015. ECF No. 91. It was again denied as a successive petition in the guise of a Rule 60(b) motion. ECF Nos. 98, 101.

The fourth Rule 60 (b) motion, the one at bar, was filed on June 19, 2017. ECF No. 106. In this motion petitioner posits purportedly new information on a claim which has been argued in one way or another since the initial petition—that of vindictive prosecution. However, this claim has been adjudicated on several occasions and it is now time to say enough for this petition first filed in 1996 involving a conviction adjudged in 1989.

---

[1] This procedural history is truncated to avoid listing all 108 docket entries in this case and limiting it to the petitioner's repeated efforts to overturn his conviction.

*Discussion*

The undersigned is well aware that the doctrine of res judicata[2] generally does not apply to Rule 60 motions in that such a motion is regarded as simply a continuation of the case, not a new action. Watts v. Pinckney, 752 F.2d 406, 410 (9th Cir. 1985). As is clear from the previous Findings and Recommendations regarding the previous Rule 60 motions, the issue in habeas corpus actions with respect to Rule 60 motions is usually whether they are simply successive petitions in the guise of a Rule 60 motion.

However, the situation here does not involve a first Rule 60 motion; it involves seriatim motions which show no signs of abating. In such a case, res judicata is a viable doctrine. See Brown v. Bureau of Reclamation, 2008 WL 4239006 *2 (D. Idaho 2008) and cases cited therein. Accordingly, petitioner's fourth Rule 60 motion is barred by res judicata.

Moreover, it is also time to enter an order to the Clerk prohibiting the filing of any further Rule 60 motions in this case. If petitioner has any further claims to make concerning his 1989 conviction, he should petition the Ninth Circuit pursuant to 28 U.S.C. section 2244(a)(3)(A).

*Conclusion*

IT IS HEREBY ORDERED that petitioner's motion for appointed counsel, ECF 107, is denied.

Accordingly, IT IS HEREBY RECOMMENDED:

1. Petitioner's Rule 60 motion filed at ECF No. 106 should be dismissed as barred by res judicata;
2. The Clerk should be ordered to not accept any further filings in this action by petitioner.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[2] *Res judicata* prevents a party from bringing a new action for claims which were, or could have been, raised in the initial action. Federated Dept. Stores v. Moitie, 452 U.S. 394, 398 (1981).

3

"Objections to Magistrate Judge's Findings and Recommendations." The petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 10, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE